## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, D.C. 20024, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, D.C. 20530-0001, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552

("FOIA") and the Privacy Act, 5 U.S.C. § 552a ("Privacy Act"). As grounds therefor, Plaintiff

alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized

under the laws of the District of Columbia and has its principal place of business at 425 Third

Street SW, Suite 800, Washington, D.C. 20024. Plaintiff seeks to promote transparency,

integrity, and accountability in government and fidelity to the rule of law. As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice ("DOJ") is an agency of the United States

Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue NW,

Washington, DC  20530.  Defendant has possession, custody, and control of records to which

Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On July 29, 2013, a group of political activists, including the Reverend Al

Sharpton, attended a meeting at the White House with former Attorney General Eric Holder,

Labor Secretary (and former Assistant Attorney General for Civil Rights) Tom Perez, and

President Obama.

6.      Rev. Sharpton provided details of the "unprecedented" Roosevelt Room meeting

in an appearance on MSNBC on July 30, 2013.  Rev. Sharpton communicated the President's

express commitment to supporting the political activist attendees' aggressive Voting Rights Act

efforts on the state level.  The President assured the political activist groups that his

Administration will continue to engage in state cases and welcomed Rev. Sharpton and others to

bring cases directly to the Administration for federal action highlighting DOJ efforts in Texas

and North Carolina.

7.      In light of Rev. Sharpton's statements publicly aired on MSNBC and his

description of President Obama's intention to continue coordinating closely with political activist

groups, Plaintiff sent FOIA requests to Defendant's Civil Rights Division and Office of

Information Policy seeking records and communications related to meetings between Rev.

Sharpton and DOJ officials.

8.     Specifically, on August 27, 2014, Plaintiff sent a FOIA request to Defendant's

Office of Information Policy ("OIP") by certified mail seeking access to the following records:

> Any and all records and communications concerning, regarding, or
> related to meetings between Attorney General Eric Holder and
> Rev. Al Sharpton.

The timeframe for this request is January 1, 2009 to the present.

9.     By letter dated September 15, 2014, OIP acknowledged receipt of Plaintiff's

FOIA request and assigned the request case number AG/14-04520(F).  Defendant informed

Plaintiff that it was extending the time limit to respond to Plaintiff's request beyond the ten

additional days authorized by 5 U.S.C. § 552(a)(6)(B) and unilaterally granted itself an

undefined time frame for OIP to respond to Plaintiff's request.

10.     Plaintiff also sent a FOIA request to Defendant's Civil Rights Division on August

27, 2014 by certified mail seeking access to the following records:

> 1)  Any and all records and communications concerning,
>     regarding, or related to meetings between former Assistant
>     Attorney General Tom Perez and Rev. Al Sharpton;
>
> 2)  Any and all records and communications concerning,
>     regarding, or related to meetings between acting Assistant
>     Attorney General Molly Moran and Rev. Al Sharpton; and
>
> 3)  Any and all records concerning, regarding, or related to
>     collaboration and communication between any Civil Rights
>     Division employees and Rev. Al Sharpton.

The timeframe for this request is January 1, 2009 to the present.

11.    By letter dated September 10, 2014, the Civil Rights Division acknowledged receipt of Plaintiff's request and assigned it the request case number FOI/PA No. 14-00336-F. Defendant informed Plaintiff that "some delay may be encountered in processing your request."

12.    Plaintiff has received no further communications from either OIP or the Civil Rights Division concerning the status of Defendant's responses to Plaintiff's requests.

13.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the requests within twenty (20) working days of receipt and to notify Plaintiff immediately of its determination for each, the reasons therefor, and the right to appeal any adverse determination.  A determination by Defendant's OIP was due by October 1, 2014. The Civil Rights Division's determination was due by October 7, 2014.

14.    As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with either request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; and/or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

15.    Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

16.    Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17.    Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

18.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  November 21, 2014                            Respectfully submitted,

                                                     JUDICIAL WATCH, INC.

                                                     */s/ Paul J. Orfanedes*
                                                     Paul J. Orfanedes
                                                     D.C. Bar No. 429716
                                                     425 Third Street SW, Suite 800
                                                     Washington, DC  20024
                                                     (202) 646-5172

                                                     *Counsel for Plaintiff*